```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NORTH DAKOTA
                        NORTHEASTERN DIVISION

UNITED STATES OF AMERICA     )     MEMORANDUM AND ORDER DENYING
                             )     MOTION FOR PRETRIAL DETENTION
       V.                    )
                             )
GALEN JERRY ROBERTSON        )         CASE NO. 2:08-cr-62
```

A pending indictment charges Galen Jerry Robertson with aggravated sexual abuse pursuant to 18 U.S.C. § 2241(a)(1), and with abusive sexual contact pursuant to 18 U.S.C. § 2244(a)(1).

The government moved for detention pending trial, asserting application of a presumption of pretrial detention under 18 U.S.C. § 3142(e). Defendant asserts that no presumption applies. This Court concludes that a presumption of pretrial detention arises under section 3142(e), but that Defendant sufficiently rebutted that presumption.

When the government moves for detention pending trial, the Bail Reform Act, 18 U.S.C. §3141 et seq., requires that the Court determine whether it can impose conditions which will "reasonably assure" a defendant's appearance at future hearings and the safety of other persons and the community. The statutory scheme favors release over detention. See, e.g., United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985).

Section 3142(e) sets out certain conditions under which a rebuttable presumption of pretrial detention arises:

1

> . . . In a case described in subsection (f)(1) of this section [certain crimes involving violence, controlled substances, and firearms], a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that–
>
>> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>>
>> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
>>
>> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.
>
> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense . . . involving a minor victim under section . . . 2241 . . . [or] 2244(a)(1) . . . of this title.

Defendant asserts that a presumption arises under section 3142 only if the "(f)(1) factors" are present, and that the presumption relating to charges involving a minor victim does not arise independent of a finding that the "(f)(1) factors" are present. There is no assertion that Defendant has any prior conviction committed while on release within the last five years, so the "(f)(1) factor" presumption of the first paragraph of section 3142 does not apply.

This Court has identified no authority supporting the position

that the "minor victim" presumption arises only when the "(f)(1) factors" are present.  Other courts, including those in this circuit, have applied the "minor victim" presumption without discussion of presence of the "(f)(1)" factors.  See e.g., United States v. Shuler, 2007 WL 2225927 (N.D. Iowa).  See also United States v. Farris, 2008 WL 1944131 (W.D. Pa.).  See also Weinberg, Federal Bail and Detention Handbook 7-30 (2007).  This Court concludes that section 3142(e) presumptions of detention arise independent from each other.  A finding of the "(f)(1) factors," is not necessary for application of the presumption based on a charge (supported by probable cause) arising under the statutes enumerated in the last paragraph of section 3142(e).

Having concluded that a presumption of detention applies, the effect of the presumption must be considered.  The presumption is a limited one, requiring that a defendant come forward with evidence countering danger to the community or risk of nonappearance.  The burden of persuasion remains with the government.  Shuler, at *3; Farris, at *10.

Defendant presented testimony of his mother, Barbara Robertson, and of Eric Longie, a person with whom Defendant serves on the Fort Totten School Board.  The evidence shows that Defendant is a life-long resident of the Spirit Lake Reservation, that his mother has long-term employment with the Bureau of Indian Affairs, that his mother is willing to act as third-party custodian and

provide a home in which no alcohol use is allowed, that he has a history of construction employment and employment in other jobs that are available to him, that his compliance with prior supervised release was consistent, that he was allowed self-surrender on a previous sentence, that he has been active in his community, and that he has been a responsible member of the local school board. Although the government proferred evidence of threats made against a law enforcement officer in connection with an earlier federal charge, the district judge who had an opportunity to consider that information earlier continued his release with conditions. There was evidence of a charge of failure to appear, but there was also evidence that a fine relating to that matter had in fact been paid. This Court also considers that the Indictment charges conduct occurring nine months ago, and there is no evidence of similar conduct during the intervening nine months.

This Court concludes that Defendant has rebutted the presumption for detention pending trial, and he may be released under conditions which will reasonably assure his appearance at future hearings and which will reasonably assure the safety of other persons and the community. Conditions will include, <u>inter alia</u>, those specified in 18 U.S.C. § 3142(c) for sex offenses involving a minor victim.

Dated this 24th day of June, 2008.

>*/s/ Alice R. Senechal*
>Alice R. Senechal
>US Magistrate Judge